## DENNISON MANUF'G CO. v. UNITED STATES.

(Circuit Court, S. D. New York. March 14, 1895.)

CUSTOMS DUTIES—CLASSIFICATION—CREPE OR CREPE TISSUE.

Merchandise imported and invoiced as "crepe" or "crepe tissue," which, according to the finding of the board of general appraisers, sustained by the evidence, "is made in a tissue-paper mill, invoiced, advertised, and sold as tissue," and "is tissue paper," is dutiable under Act Oct. 1, 1890, paragraph 419, which covers "all tissue paper * * * made up in any form," and cannot be placed under paragraph 422, referring to "all other paper not specially provided for."

This was an application by the Dennison Manufacturing Company, importer of certain merchandise invoiced as "crepe" or "crepe tissue," for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such merchandise.

The collector assessed the importations under paragraph 419 of the act of 1890, as "tissue paper." The importer insisted that they should have been classified either under paragraph 422, as "other paper not specially provided for in this act," or under paragraph 425, as "manufactures of paper."

C. H. MacDonald, for importer.

James T. Van Rensselaer, Asst. U. S. Atty., for collector.

COXE, District Judge. The board found that the merchandise in question invoiced as "crepe" or "crepe tissue," "is made in a tissue-paper mill, is invoiced as tissue, advertised as tissue, and sold as tissue" and "is tissue paper." Additional testimony was taken in this court, but it is cumulative in character and does not materially change the issue. There is evidence to sustain the findings of the board, and, even if it be conceded that the preponderance of testimony is the other way, still the court would not be warranted in reversing their judgment. It will be observed that the language of paragraph 419 is very broad. "All tissue paper * * * made up in any form." It covers tissue paper of all varieties. The process by which the imported paper is made is not known, but it is proved that similar paper is made in this country by passing tissue paper through a machine which crimps or crinkles it. One of the witnesses for the importer gave the following common-sense definition: "Tissue paper is a thin paper; that is all there is to tissue paper; a thin paper." There is testimony to the effect that the imported merchandise is in fact tissue paper, that it was commercially known as crepe tissue paper and was so designated in the trade, even by the importing company itself. It is not against the evidence to find that in a smoothed-out condition it is a kind of heavy-weight tissue paper. Subject this paper to a crimping process and it becomes crimped tissue paper. It is crinkled, to be sure, but it is tissue paper still, and consequently is specially provided for under paragraph 419. The change thus produced might suffice to place the paper under a more specific paragraph, if one existed, but it is not sufficient to take it

out of the paragraph providing for "all tissue paper" and place it under the paragraph providing broadly for "all other paper." The board has found that the imported merchandise is tissue paper, several witnesses have testified that it was known to the trade as crepe tissue paper and the importer has time and time again called it crepe tissue paper. In view of these facts the court is inclined to think that the collector has selected the proper paragraph, and, in any view, the court does not feel justified in interfering with the decision of the board. Affirmed.